## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN J. MORTEZAI,

              Appellant,

        v.

DEPARTMENT OF DEFENSE,

              Agency.

DOCKET NUMBER
SF-0752-14-0296-I-1

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin J. Mortezai, Northbrook, Illinois, pro se.

John A. Greenlee, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed by more than 6 months. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed in the position of Auditor with the Defense Contract Audit Agency (DCAA). Initial Appeal File (IAF), Tab 18 at 15-24. On April 3, 2013, the agency issued a notice of proposed removal for three charges with numerous specifications. *Id*. at 32-52. After reviewing the appellant's written and verbal responses and considering the evidence, the deciding official found that the charges were fully supported and issued a removal decision dated June 13, 2013. *Id*. at 26-28; *see* IAF, Tab 43 at 4-5. The notice informed the appellant that he had the right to appeal the removal action to the Board and of the 30-day time limit for filing an appeal. IAF, Tab 18 at 27.

¶3      The appellant filed an appeal of the removal action on January 30, 2014. IAF, Tab 1. The administrative judge issued an order on timeliness, notifying the appellant that there was a question whether the appeal was filed within the time limit required by the Board's regulations and instructing the appellant to file argument and evidence showing that his appeal was timely filed or that he had good cause for the delay in filing. IAF, Tab 4. The appellant responded with a

summary outlining a variety of factors during the relevant time period, including the agency's failure to provide his Standard Form (SF) 50, financial difficulties, his partner's and his own medical concerns, his unemployment compensation application, and seeking assistance through an agency hotline and filing an informal equal employment opportunity (EEO) complaint.  IAF, Tab 14 at 3.

¶4    The administrative judge dismissed the appeal as untimely filed without a showing of good cause to waive the time limit.  IAF, Tab 72, Initial Decision (ID) at 5-8.  The administrative judge found unpersuasive the appellant's argument that he filed his appeal after the time limit had elapsed because he was waiting to receive his SF-50, as the form is not required for filing a Board appeal.  ID at 3, 7.  The initial decision discussed the appellant's pro se status, the failure of the agency's removal decision to notify him of the consequences of filing an untimely appeal, and the appellant's financial and medical difficulties during the relevant time period, but the administrative judge found that the appellant failed to show by preponderant evidence that there were circumstances beyond his control preventing him from complying with the time limit.  ID at 6-8.  The administrative judge noted that the appellant offered no evidence or argument concerning his further delay in filing his appeal after being awarded unemployment benefits in October 2013.  ID at 8.  Finally, the initial decision denied the appellant's motion to reinstate his health insurance coverage, as such relief is beyond the Board's jurisdiction.  ID at 3 n.2; *see* IAF, Tabs 6, 7, 13.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appeal was untimely filed without good cause.

¶5    The appellant argues that the administrative judge "completely dismissed" his medical allegations in finding a lack of good cause for his delay in filing his appeal.  Petition for Review (PFR) File, Tab 1 at 7-13.  The petition largely repeats the appellant's arguments below, including a chronological narrative outlining his health difficulties predating his removal.  *Id*. at 7-13; *see* IAF,

Tab 14 at 3, Tab 63 at 4-7. Regarding the period of time between his June 2013 removal and January 2014 filing, the appellant highlights his informal EEO activity, attempts to obtain his SF-50 from the agency, and unemployment compensation claim. PFR File, Tab 1 at 11-12. The agency responds that, despite the appellant's alleged inability to care for himself during the relevant period, the petition for review acknowledges "repeated instances of his being able to attend to other important business but not to pursue his Board appeal rights." PFR File, Tab 3 at 4. The appellant has filed a reply, which, in part, disputes the agency's characterization. PFR File, Tab 4.

¶6        A removal appeal must be filed no later than 30 days after the effective date of the challenged agency action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant bears the burden to prove by preponderant evidence that his appeal was timely filed. 5 C.F.R. § 1201.56(a)(2)(ii). Although the appellant argues that the administrative judge failed to account for the time it took for him to receive the June 13, 2013 removal decision via U.S. mail, he makes no argument of any lengthy delay in receiving the decision or that he filed his appeal within 30 days of receipt. PFR File, Tab 1 at 17; *see* ID at 5. Even giving the appellant an additional 5 days for mailing, *see* 5 C.F.R. § 1201.23, his appeal would have been due no later than July 18, 2013, and was still untimely by more than 6 months when he filed it on January 30, 2014.

¶7        The Board may waive its regulatory filing time limit for good cause shown if the appellant demonstrates that he exercised due diligence or ordinary prudence under the particular circumstances of the case. 5 C.F.R. § 1201.22(c); *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply

with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8 We find that the appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings on the issue of timeliness of the appeal, which are supported by the record evidence. The appellant makes no argument contesting the administrative judge's conclusion that the delay of more than 6 months was a "significant" delay. ID at 7; PFR File, Tab 1 at 5-19. The administrative judge considered the failure of the removal decision to meet all notice requirements of 5 C.F.R. § 1201.21, as it did not inform the appellant that an untimely appeal would be dismissed unless a good reason for the delay was shown, but noted that incomplete notice is not a dispositive factor in the Board's determination of whether good cause exists for waiving the time limit. ID at 5-6; *see Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶¶ 11-14 (2011). The administrative judge found that the removal decision explicitly notified the appellant of the 30-day time limit and provided contact information should he have questions regarding the filing of an appeal with the Board. ID at 7. In contrast to the appellant's assertion on review, the administrative judge specifically considered and addressed the appellant's arguments concerning his medical history and financial constraints. ID at 7-8.

¶9 The record evidence does not support a finding that medical illness during the relevant time period prevented the appellant from timely filing his appeal. To establish that an untimely filing was the result of an illness, the party must identify the time period during which he suffered from the illness, submit medical or other corroborating evidence showing that he suffered from the alleged illness during that time period, and explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 & n.* (1998). The administrative judge correctly

found the appellant's report of undergoing two procedures in August 2013 insufficient to show incapacitation, as the appellant had not offered any argument or evidence that the procedures, generally performed on an out-patient basis, led to complications or an abnormal recovery period. ID at 8; *see* IAF, Tab 14 at 3.

¶10     We have considered the appellant's argument and evidence regarding his health, but find that he has failed to submit adequate medical evidence or explain how his illness prevented him from filing a timely appeal.[2]  The appellant responded to the administrative judge's order on timeliness with vague descriptions of his symptoms and alleged severe distress related to his partner's medical condition. IAF, Tab 14 at 3.  He later filed a medical opinion from a treating physician dated May 16, 2014, more than 3 months after he filed his appeal. IAF, Tab 53 at 5; *see* IAF, Tab 1.  The physician reported two distinct periods of treating the appellant outside of the relevant time period, from August 2007 to October 2009, and February 2014 through the date of the medical opinion on May 16, 2014.  The opinion outlined the appellant's diagnoses and historic medications and offered a general description of symptoms commonly associated with the appellant's diagnosed conditions. IAF, Tab 53 at 5-6.  The letter offered no specific evidence of the appellant's ability to file his appeal during the relevant time period or beyond. *Id*. at 6.  As noted in the initial decision, the appellant demonstrated capacity during the relevant time period in obtaining unemployment benefits and initiating an EEO complaint after seeking assistance through the agency's hotline. ID at 8.  Thus, we find that the appellant has not shown error in the administrative judge's conclusion that he failed to establish by preponderant evidence that circumstances beyond his control affected his ability

---

[2] We deny the appellant's request on review to seal the record in light of his medical disclosures. PFR File, Tab 1 at 23.  The appellant has failed to provide a compelling reason to warrant the Board sealing the record at this time. *See Social Security Administration v. Doyle*, 45 M.S.P.R. 258, 262 (1990).

to comply with the time limit and constituted good cause for his delay in filing. *See* ID at 8.

<u>The administrative judge committed no procedural error that adversely affected the appellant's substantive rights.</u>

¶11     On review, the appellant argues that the administrative judge committed procedural error and "failed to protect [his] right to due process" by providing the agency with extensions for the preliminary conference, accepting an incomplete agency response file, and "deleting" his pleading requesting discovery evidence from the agency.  PFR File, Tab 1 at 13.  The appellant also alleges that the administrative judge failed to fully discuss the complete discovery and pre-hearing process and improperly advised the agency's representative on the consequences of failure to meet the requirements set out in the Board's regulations. *See id.* at 14-15.

¶12     We find that appellant's allegations indicate no procedural error.  The record shows that the administrative judge ordered the agency to comply with the Board's regulations and informed the agency of potential sanctions should it fail to comply.  *See* IAF, Tabs 5, 9, 16, 64.  The administrative judge gave the appellant proper notice that the Board does not participate in the discovery process until a motion to compel discovery is filed.  *See* IAF, Tab 24; *see also* 5 C.F.R. §§ 1201.71, 1201.73(c).  In the order summarizing the prehearing conference, the administrative judge notified the appellant that his indication "that production of the requested documents was not necessary" was construed as a withdrawal of the motion to compel, and the appellant has made no arguments that this was not his intention.  IAF, Tab 64 at 4.  In advising the agency that failure to submit all documents specified in MSPB Schedule 752 could lead to potential sanctions, the administrative judge performed his proper role in developing the record and preparing the appeal for the requested hearing. *See id.* at 1-2.  An administrative judge may make statements to the parties regarding his honest appraisal of the likelihood of success of the appeal, and the record

contains no prehearing statements regarding the merits of the removal appeal that the appellant could claim indicate a prejudgment or bias. *See Cranfield v. Tennessee Valley Authority*, 44 M.S.P.R. 384, 387-88 (1990).

¶13    The appellant also alleges that the administrative judge failed to protect him from the agency's alleged retaliatory action in cancelling his health insurance coverage after he filed his Board appeal. PFR File, Tab 1 at 5-7. The administrative judge denied the appellant's motion to reinstate his health insurance coverage, correctly informing the appellant that such relief is beyond the Board's jurisdiction. ID at 3 n.2; *see* IAF, Tabs 6, 7, 13. The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has not been granted original or appellate jurisdiction over an agency's revocation or alteration of health benefits. *See* 5 C.F.R. §§ 1201.2-.3. The record evidence presents no basis for the Board to issue a protective order pursuant to 5 U.S.C. § 1204(e)(1)(B)(i) protecting the appellant from alleged harassment concerning his health coverage. The purpose of the Board's authority to grant a protective order under this section is to aid the fact-finding process during a Board proceeding. *Garst v. Department of the Army*, 60 M.S.P.R. 514, 520 (1994). Mere speculation that the agency took an action improperly in reprisal for filing a Board appeal does not establish harassment warranting a protective order. *See Leaton v. Department of the Interior*, 65 M.S.P.R. 331, 341 (1994), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995) (Table). The appellant submitted no evidence to support his allegations that the agency cancelled his health insurance in reprisal for filing his Board appeal. *See* IAF, Tabs 6, 7, 13; PFR File, Tab 1 at 5-7. In contrast, the letter sent to the appellant by Blue Cross Blue Shield indicating that he was no longer enrolled in a health plan predates his filing of the initial appeal by 9 days. IAF, Tab 2 at 4-5. Thus, we find no error in the administrative judge's denial of the appellant's motion.

¶14      Finally, the alleged procedural errors do not affect the analysis of whether the appellant had good cause for his delay in filing his appeal. Thus, even assuming that the administrative judge made the alleged errors, such actions would have no effect on the outcome of this case, and they would provide no basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.115(c); *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

---

[3] After the close of the record on review, the appellant filed two motions for leave, both of which are denied. *See* 5 C.F.R. 1201.114(a)(5), (k); PFR File, Tabs 6, 9.

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.